**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RODRICK O. FISHER #12095** | § | |
| | § | |
| **V.** | § | **A-16-CA-668-RP** |
| | § | |
| **CARSON CAMPBELL, TREY DUNN,** | § | |
| **and MICHEAL CASSAREDO** | § | |

**O R D E R**

Before the Court is Plaintiff's civil rights complaint. Plaintiff alleges he was held in jail without bond for 16 months. Plaintiff sues Judge Campbell and his defense attorneys Trey Dunn and Micheal Cassaredo. Plaintiff seeks an unspecified amount of monetary damages to compensate him for the 16 months he spent in jail.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status

1

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

      B.    <u>Judicial Immunity</u>

      Judge Campbell is entitled to absolute immunity for any acts performed as a judge.  It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction.  *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit.  *Mireless v. Waco*, 502 U.S. 9, 11 (1991).  Motive of the judicial officer is irrelevant when considering absolute immunity.  *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

      Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Mireless*, 502 U.S. at 11-12.  "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"  *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12).  In the case at bar, Plaintiff does not complain of any actions taken by Judge Campbell that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction.  Accordingly, Judge Campbell is protected by absolute immunity.

C.    State Actor

With respect to Plaintiff's claims brought against his attorneys, Trey Dunn and Micheal Cassaredo, his claim fails.  The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986);  *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981).  Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  *Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord*, *Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983.  *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972).  Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law.  *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985), *cert. denied*, 479 U.S. 826 (1986).

CONCLUSION

Plaintiff's complaint is frivolous.  Judge Campbell is protected by judicial immunity and Defendants Dunn and Cassaredo are not state actors.

3

It is therefore **ORDERED** that Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on June 10, 2016.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE